**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                               **4:16-CR-00136-JM**
                                      **4:20-CV-00752-JM**

**MARVIN MEUX**

## ORDER

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 56) is DENIED.

**I.   BACKGROUND**

On August 25, 2017, Petitioner pled guilty to being a felon in possession of a firearm.[1] On February 15, 2018, he was sentenced to 210 months in prison.[2]   The Court of Appeals for the Eighth Circuit affirmed his conviction and sentence on March 18, 2019.[3]

Alleging ineffective assistance counsel, Petitioner says that his lawyer made the wrong arguments at sentencing and on appeal regarding being sentenced under the Armed Career Criminal Act (ACCA).[4]

---

[1]Doc. No. 19.

[2]Doc. Nos. 32, 33.

[3]*United States v. Meux*, 918 F.3d. 589 (8th Cir. 2019).

[4]Doc. No. 56.

**II.     DISCUSSION**

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[5] He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[6] Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[7] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[8]

If Petitioner establishes deficient performance by counsel, he still must establish prejudice.[9] This requires Petitioner to demonstrate that, but for his lawyer's errors, there is a reasonable probability the result of the proceeding would have been different.[10]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.[11]

---

[5] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[6] *Strickland*, 466 U.S. at 690.

[7] *Id.*

[8] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[9] *Strickland*, 466 U.S. at 694.

[10] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[11] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

### 1. Deficient Performance

Petitioner asserts that he received ineffective assistance of counsel because his lawyer did not make the correct arguments at sentencing and on appeal regarding the application of the ACCA to his conviction.  A review of the record reveals that Petitioner's lawyer made the only legitimate arguments available to him; he was simply unsuccessful.  This does not amount to deficient performance.

### 2. Prejudice After a Guilty Plea

Assuming there was deficient performance (there was not), Petitioner cannot establish prejudice.  "Where the conviction was entered on the basis of a guilty plea . . . the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[12]  Petitioner has not asserted that he would not have pleaded guilty, but for his lawyer's alleged errors.

Additionally, regardless of the lawyer's alleged errors, Petitioner is unable to establish prejudice because his prior convictions qualified then and now for a sentence under the ACCA. The Court of Appeals affirmed the ACCA issue that Petitioner is again contesting through this motion.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. ' 2255 (Doc. No. 56) is DENIED.

IT IS SO ORDERED this 22nd day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[12] *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).